HANSON MAREK BOLKCOM & GREENE, LTD.
KENT B. HANSON (169416)
527 Marquette Avenue, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 342-2880
Facsimile: (612) 342-2899
khanson@hmbglaw.com

Attorneys for Defendant
GENERAL MOTORS CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RAMIREZ; ANTHONY DE LA CRUZ, JR.; C. D., a minor by and through her guardian ad litem MARIA RAMIREZ; ADRIANA DE LA CRUZ; I. D., a minor by and through his guardian ad litem ADRIANA DE LA CRUZ; and PATRICIA FRUTOS, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS CORPORATION, INC.; DOE COMPANY; and DOES 1-100, inclusive, <br><br> Defendants. | Case No. CV 08-06618-GAF(CTx) <br><br> **STIPULATED PROTECTIVE ORDER** |

    This matter came before the Court on the Stipulation of counsel for plaintiffs and counsel for defendant General Motors Corporation for the entry of an order governing the disclosure and handling of documents that defendant considers confidential and competitively sensitive.

1

The Court, being duly advised, now ORDERS:

1. General Motors Corporation may designate items of discovery or other information produced or disclosed to plaintiffs as being confidential and subject to Protective Order, which designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Order. All such documents or other tangible items produced by defendant shall be clearly stamped or labeled to indicate that such material is subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

2. Defendant shall designate as being confidential under Protective Order only such documents and materials which it has determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information.

3. For purposes of this Order, "trade secret" means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." See California Civil Code § 3426.1. Defendant cannot identify all potential confidential information at this early stage

of the litigation. However, examples of the types of information that may reasonably be expected to constitute or contain trade secrets and be designated as confidential pursuant to this Order include engineering drawings; test data, test protocols, and related documentation; component specifications; and other similarly sensitive documents associated with defendant's proprietary processes used in the design, development, testing and manufacture of modern motor vehicles.

4. Information and documents subject to this Order may be disclosed only to (a) a party, (b) attorneys for a party and their paralegal and clerical staffs, and (c) experts retained by a party for assistance in trial preparation or for testimony. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit and only after the person to whom disclosure is made has been provided with a copy of this Order and has agreed to be bound by it. In the case of experts retained by a party, acknowledgement of this Order and of the expert's agreement to be bound by it shall be in writing addressed to and maintained by the retaining party's counsel. Designated information shall not be disclosed to any person or in any manner not specified in this Order or used for any purpose other than the prosecution of this lawsuit.

5. The parties shall act to preserve the confidentiality of designated information. If such information is filed with the Court, it shall be filed under seal accompanied by an application to directed to the Judge to whom the papers are directed and with notation of the application of this Order.

6. In the event that plaintiffs' counsel disagrees with the propriety of defendant's designation of any item or items as being confidential under Protective Order, plaintiffs' counsel shall serve a written notice upon defense counsel, within thirty (30) days after production of the item or items by defendant, specifying the item or items in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, plaintiffs may file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes, after complying with the Local Rules. C.D.Cal. R. 37 Any such item or items shall continue to be treated as confidential and subject to this Order until such time as such motion has been ruled upon.

7. If any party wishes to modify this Order, the parties shall first request such modification from each other, and then seek approval from the Court. If no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by Court order, the terms of this Order will govern. Provision for use of such

4

STIPULATED PROTECTIVE ORDER

information at trial ~~shall be similarly made by agreement or by pretrial order governing use and protection of the record.~~ will have to be taken up with the judicial officer conducting the proceeding at that time.

8. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

9. This Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

10. Defendant shall be given the opportunity to show sufficient cause in advance of trial that the use of protected documents, materials, deposition testimony or other information at trial, including its introduction into evidence, should not be construed to waive its confidentiality or permit it to be disseminated beyond the scope permitted by the terms of this Order.

11. Upon reaching agreement upon settlement terms, or upon termination of this lawsuit by judgment, settlement or otherwise (whichever occurs first), counsel for plaintiffs shall return to defendant through its counsel of record, all documents and information subject to this Order, including all copies, prints, summaries, and other reproductions of such information, in the possession of the plaintiffs, the plaintiffs' counsel and staff, and the plaintiffs' retained experts. Alternatively, at the option of counsel for defendant, counsel for plaintiffs may destroy all

documents and information subject to this Order, including all copies, prints, summaries, and other reproductions of such information, in the possession of the plaintiffs, the plaintiffs' counsel and staff, and the plaintiffs' retained experts. Counsel for plaintiffs will certify in writing to defendant's counsel that this Order has been complied with and will disclose the names of all experts to whom such information was disclosed. Each retained expert will also certify in writing to defendant's counsel that this Order has been and will be complied with in the form of the affidavit attached hereto as Exhibit A.

Dated: 4/17/09

_____
GARY ALLEN FEESS
United States District Judge

6

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

STATE OF _____ )
                                )ss.
COUNTY OF _____ )

I, _____, hereby affirm that I have read the Protective Order entered in the above-entitled matter, dated _____, have fully complied with all of its terms and provisions, and will continue to do so.

                                                                              _____
                                                                                           Affiant

Subscribed and sworn to before me
this ____ day of _____, 20___.