HANSON MAREK BOLKCOM & GREENE, LTD.
KENT B. HANSON (169416)
527 Marquette Avenue, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 342-2880
Facsimile: (612) 342-2899
khanson@hmbglaw.com

Attorneys for Defendant
GENERAL MOTORS CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RAMIREZ; ANTHONY DE LA CRUZ, JR.; C. D., a minor by and through her guardian ad litem MARIA RAMIREZ; ADRIANA DE LA CRUZ; I. D., a minor by and through his guardian ad litem ADRIANA DE LA CRUZ; and PATRICIA FRUTOS,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, INC.; DOE COMPANY; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. CV 08-06618-GAF(CTx)<br><br>**STIPULATED PROTECTIVE ORDER** *as modified by the court.* |

This matter came before the Court on the Stipulation of counsel for plaintiffs and counsel for defendant General Motors Corporation for the entry of an order governing the disclosure and handling of documents that defendant considers confidential and competitively sensitive.

1

STIPULATED PROTECTIVE ORDER

The Court, being duly advised, now ORDERS:

1. General Motors Corporation may designate items of discovery or other information produced or disclosed to plaintiffs as being confidential and subject to Protective Order, which designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Order. All such documents or other tangible items produced by defendant shall be clearly stamped or labeled to indicate that such material is subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

2. Defendant shall designate as being confidential under Protective Order only such documents and materials which it has determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information.

3. For purposes of this Order, "trade secret" means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." See California Civil Code § 3426.1.

4. The documents and materials that may reasonably be expected to constitute or contain trade secrets pertain to the 2001 Chevrolet Silverado 3500 Series pickup truck involved in this case, and the vehicle components that defendant General Motors Corporation understands may be at issue in the case based on plaintiffs' allegations of defect. Those vehicle components include the transfer case assembly, transfer case shift control, transmission assembly, steering column assembly, and the park brake set/release mechanism. For the vehicle and vehicle components referenced above, the following documents and materials will be designated as confidential pursuant to this Order: (a) engineering analysis reports; (b) engineering evaluation reports; (c) product assembly documents; (d) product description manuals; (e) assembly drawings; (f) layout drawings; (g) component requirements; (h) component performance specifications; (i) component technical specifications; (j) validation testing documents; (k) Design Failure Mode Effects Analysis (DFMEA) documents; (l) Process Failure Mode Effects Analysis (PFMEA) documents; (m) Design for Manufacturability (DFM) documents; (n) Field Performance Evaluation (FPE) files; (o) Product Problem Evaluation Committee (PPEC) files; (p) end-of-line Dynamic Vehicle Test (DVT) procedures; (q) Federal Motor Vehicle Safety Standard (FMVSS) 101, 102 and 135 certification documents; and (r) General Motors Uniform Test Specifications (GMUTS) for FMVSS 101, 102 and 135. Items (a)-(r) described above derive

3

STIPULATED PROTECTIVE ORDER

independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use; and are the subject of efforts that are reasonable under the circumstances to maintain their secrecy. The disclosure of items (a)-(r) to competitors would allow those competitors to duplicate General Motors Corporation's product designs and its product testing and evaluation procedures without having to incur the substantial costs that were necessarily incurred by General Motors in the development of those designs and procedures. The documents referred to herein must be kept confidential to avoid causing competitive harm to General Motors Corporation.

5. Information and documents subject to this Order may be disclosed only to (a) a party, (b) attorneys for a party and their paralegal and clerical staffs, and (c) experts retained by a party for assistance in trial preparation or for testimony. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit and only after the person to whom disclosure is made has been provided with a copy of this Order and has agreed to be bound by it. In the case of experts retained by a party, acknowledgement of this Order and of the expert's agreement to be bound by it shall be in writing addressed to and maintained by the retaining party's counsel. Designated information shall not be disclosed to any

person or in any manner not specified in this Order or used for any purpose other than the prosecution of this lawsuit.

6. The parties shall act to preserve the confidentiality of designated information. If such information is filed with the Court, ~~it shall~~ the parties shall seek to be filed under seal in compliance with CACD Local Rule 79-5.

7. In the event that plaintiffs' counsel disagrees with the propriety of defendant's designation of any item or items as being confidential under Protective Order, plaintiffs' counsel shall serve a written notice upon defense counsel, within thirty (30) days after production of the item or items by defendant, specifying the item or items in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, plaintiffs may file a motion seeking Court adjudication on the matter. This motion must comply with the requirements of CACD Local Rule 37. Defendant General Motors Corporation shall bear the burden of making a specific showing of good cause for the continuing designation of any disputed item or items. Any such disputed item or items shall continue to be treated as confidential and subject to this Order until such time as such motion has been ruled upon.

8. If any party wishes to modify this Order, the parties shall first discuss such modification with each other. If a satisfactory agreement is reached, the parties shall submit their proposed modification to the Magistrate Judge for

5

STIPULATED PROTECTIVE ORDER

approval by way of stipulation. If no satisfactory agreement is reached, the party desiring modification may petition the Court for modification at any time prior to termination of this lawsuit in accordance with the CACD Local Rules. However, no modification made by the parties will have the force of a court Order unless and until the court approves the modification, and the terms of this Order will govern until any such modification is approved by the court. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted.

9. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

10. This Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

11. This Order applies only to information exchanged in discovery and other proceedings before the United States Magistrate Judge. In the event that this case proceeds to trial, the parties anticipate that defendant General Motors Corporation will seek to show cause to the United States District Court Judge in advance of trial that the use at trial of the materials, deposition testimony and other information protected under this Order should not be construed to waive its

confidentiality or permit it to be disseminated beyond the scope permitted by the terms of this Order or such further Order that may be proposed by defendant.

12. Upon reaching agreement upon settlement terms, counsel for plaintiffs shall return to defendant through its counsel of record, all documents and information produced in discovery subject to this Order, including all copies, prints, summaries, and other reproductions of such information, in the possession of the plaintiffs, the plaintiffs' counsel and staff, and the plaintiffs' retained experts. Alternatively, at the option of counsel for defendant, counsel for plaintiffs may destroy all documents and information produced in discovery subject to this Order, including all copies, prints, summaries, and other reproductions of such information, in the possession of the plaintiffs, the plaintiffs' counsel and staff, and the plaintiffs' retained experts. Counsel for plaintiffs will certify in writing to defendant's counsel that this Order has been complied with and will disclose the names of all experts to whom such information was disclosed. Each retained expert will also certify in writing to defendant's counsel that this Order has been and will be complied with in the form of the affidavit attached hereto as Exhibit A.

Dated: MAY 2 8 2009

*Carolyn Turchin*

CAROLYN TURCHIN
United States Magistrate Judge

7

## EXHIBIT A

STATE OF _____ )
                                        ) ss.
COUNTY OF _____ )

I, _____, hereby affirm that I have read the Protective Order entered in the above-entitled matter, dated _____, have fully complied with all of its terms and provisions, and will continue to do so.

_____
                                                   Affiant

Subscribed and sworn to before me
this \_\_\_\_ day of _____, 20\_\_\_.